UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD SAITTA,  Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, RONALD SAITTA ("Plaintiff"), individually and on behalf of all others similarly situated throughout the country, by his attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

## NATURE OF THE ACTION

1.      This action seeks to remedy the unlawful, deceptive, and misleading business practices of Target Corporation ("Defendant" or "Target"), with respect to the distribution, marketing, advertising and sale of Market Pantry Parmesan 100% Grated Cheese (the "Product"). In order to induce consumers to purchase the Product, Defendant's advertising, marketing, and on-label texts prominently feature the warranty and representation: "Parmesan 100% Grated Cheese."

2.      Notwithstanding Defendant's warranty and representation, independent laboratory testing shows that the product is not in fact "100%" grated parmesan, but rather contains significant quantities of adulterants and fillers. In fact, the purportedly "100%" parmesan cheese contains cellulose, a filler and anti-clumping agent derived from *wood pulp*.

3.      Plaintiff brings this action against Defendant on behalf of himself and a nationwide class of consumers who purchased the Product during the applicable limitations period (the "Class Period").

## PARTIES

4.      Plaintiff is an individual consumer who, at all times material hereto, was a resident and citizen of Massachusetts, residing in Suffolk County.  During the Class Period, Plaintiff purchased the Product at the Target store at One Mystic View Road, Everett, Massachusetts.

5.      Plaintiff was induced to purchase the Product based upon the statement appearing on the front of the label, i.e., "Parmesan100% Grated Cheese." Plaintiff would not have purchased the product, and/or would have paid significantly less for the product, had he known that the "100%" representation is false and mischaracterizes the amount and percentage of parmesan cheese in the container. Plaintiff suffered injury in fact as a result of Defendant's deceptive, misleading, false, and unfair practices, as described herein.

6.      Target is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.  Target is the second largest discount retailer in the United States, with more than 1,800 retail locations nationwide.

7.      Target distributes, markets, advertises and sells its "Market Pantry" house brand line of products (including the Product) at its more than 1,800 stores throughout the country, including in Massachusetts.  The Market Pantry line consists of more than 1,900 products across approximately 100 product categories.

## JURISDICTION and VENUE

8.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).  Upon information and belief, the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

9.     Venue is proper because Plaintiff and many Class Members reside in this District, many transactions that are the subject of this action took place in this District, and Defendant owns and/or operate retail stores in this District.

10.     This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the Commonwealth of Massachusetts, contracts to supply goods within the Commonwealth of Massachusetts, and supplies goods within the Commonwealth of Massachusetts.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.     As can be seen in the image below, Defendant boldly represents on the label that the Product is "100%" grated Parmesan cheese.  To emphasize that point, the label contains a picture of what appears to be a solid piece of parmesan cheese next to some grated cheese.  Consumers, including Plaintiff, reasonably rely on the label and believe Defendant's statement that the Product consists of "100%" Parmesan Cheese means no substitutes or fillers are present in the container.  Because the Product does in fact contain fillers and substitutes, the "100%" Parmesan claim is literally false and is also misleading to consumers, including Plaintiff.



      12.    Independent testing has shown that a portion of the Product is not Parmesan Cheese, and is not even cheese of any kind, but is rather comprised of fillers and additives, such as cellulose, an anti-clumping agent derived from *wood pulp*. These facts were discussed in a February 16, 2016 BloombergBusiness article by Lydia Mulvaney, *The Parmesan Cheese You*

*Sprinkle on Your Penne Could be Wood*.  The presence of cellulose, a filler, shows that the

Product is not "100% Grated Parmesan," as represented.

## CLASS ALLEGATIONS

13.     Plaintiff brings this matter on behalf of himself and those similarly situated.  As

detailed at length in this Complaint, Defendant orchestrates deceptive marketing, advertising,

and labeling practices.  Defendant's customers were, and are uniformly impacted by and exposed

to this misconduct.  Accordingly, this Complaint is uniquely situated for class-wide resolution,

including injunctive relief.

14.     The Class is defined as all consumers who purchased the Product anywhere in the

United States during the period from March 24, 2012 through the present.

15.     Plaintiff also seeks certification, to the extent necessary or appropriate, of a

subclass of individuals who purchased the product in the Commonwealth of Massachusetts at

any time during the period from March 24, 2012 through the present (the "Massachusetts

Subclass").

16.     The Class and Massachusetts Subclass shall be referred to collectively throughout

the Complaint as "the Class."

17.     Excluded from the Class are Defendant, the officers and directors of Defendant at

all relevant times, members of their immediate families and their legal representatives, heirs,

successors or assigns and any entity in which Defendant has or had a controlling interest. Any

judge and/or magistrate judge to whom this action is assigned and any members of such judges'

staffs and immediate families are also excluded from the Class.  Also excluded from the Class

are persons or entities that purchased the Product for purposes of resale.

18.     This action is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

19.     <u>Numerosity</u>:     Class Members are so numerous that joinder of all members is impracticable.  Plaintiff believes that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

20.     <u>Commonality</u>:     The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

     a.     Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Product;

     b.     Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant has engaged in illegal, unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Product;

     c.     Whether Defendant made false and/or misleading statements to the Class and the public concerning the Product.

     d.     Whether Defendant's false and misleading statements concerning the Product were likely to deceive the public;

     e.     Whether Plaintiff and the Class are entitled to injunctive relief;

     f.     Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members.

21.   <u>Typicality</u>:    Plaintiff is a member of the Class.  Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive and misleading conduct and purchased the Defendant's Product.  Plaintiff is entitled to relief under the same causes of action as the other Class Members.

22.   <u>Adequacy</u>:    Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class Members he seeks to represent; his claims are common to all members of the Class and he has a strong interest in vindicating his rights; he has retained counsel competent and experienced in complex class action litigation and he intends to vigorously prosecute this action.  Plaintiff has no interests which conflict with those of the Class.  The Class Members' interests will be fairly and adequately protected by Plaintiff and his counsel.  Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members.  The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

23.   This action is properly brought and should be maintained as a class action under Rule 23(b) because a class action is superior to traditional litigation of this controversy.  Pursuant to Rule 23(b)(3), common issues of law and fact predominate over any other questions affecting only individual members of the Class.  The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's illegal, deceptive, and misleading marketing and labeling practices.  In addition, class treatment is superior to other methods for fair and efficient adjudication of this controversy.

24.   <u>Superiority</u>:    A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.  The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.  The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c.  When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.  This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f.  This class action will assure uniformity of decisions among Class Members;

g.  The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h.  Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by a single class action; and

      i.   It would be desirable to concentrate in this single venue the litigation of all consumers who were induced by Defendant's uniformly false and deceptive labeling and advertising to purchase the Product.

25.     Accordingly, this action is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## INJUNCTIVE CLASS RELIEF

26.     Rules 23(b)(1) and (2) contemplate a class action for purposes of seeking class-wide injunctive relief.  Defendant has engaged in illegal conduct resulting in misleading consumers about its "Parmesan100%" Grated Cheese."  Since Defendant's conduct has been uniformly directed at all consumers in the United States, and the conduct continues presently, injunctive relief on a class-wide basis is a viable and suitable solution to remedy Defendant's continuing illegal misconduct.

27.     This action is properly brought as an injunctive class action and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

     a.   <u>Numerosity</u>:   Individual joinder of the injunctive Class Members would be wholly impracticable.  Defendant's Product has been purchased by thousands of people throughout the United States.

     b.   <u>Commonality</u>:   Questions of law and fact are common to members of the Class.  Defendant's misconduct was uniformly directed at all consumers.  Thus, all members of the Class have a common cause against Defendant to stop their

misleading and illegal conduct through an injunction.  Since the issues presented

by this injunctive Class deal exclusively with Defendant's misconduct, resolution

of these questions would necessarily be common to the entire Class.  Moreover,

there are common questions of law and fact inherent in the resolution of the

proposed injunctive class, including, *inter alia*:

    i.   Resolution of the issues presented in the 23(b)(3) class; and

    ii.   Whether members of the Class will continue to suffer harm by virtue of

        Defendant's illegal and deceptive product marketing and labeling.

c.   <u>Typicality</u>:   Plaintiff's claims are typical of the claims of the injunctive Class

because his claims arise from the same course of conduct (i.e. Defendant's illegal,

deceptive and misleading marketing, labeling, and advertising practices

concerning "Parmesan100%" Grated Cheese").  Plaintiff is a typical

representative of the Class because, like all members of the injunctive Class, he

purchased Defendant's Product which was sold falsely and deceptively to

consumers throughout the United States.

d.   <u>Adequacy</u>:   Plaintiff will fairly and adequately represent and protect the

interests of the injunctive Class.  His claims are common to all members of the

injunctive Class and he has a strong interest in vindicating his rights.  In addition,

Plaintiff and the Class are represented by counsel who are competent and

experienced in both consumer protection and class action litigation.

28.    The injunctive Class is properly brought and should be maintained as a class

action under Rule 23(b)(2) because Plaintiff seeks injunctive relief on behalf of the Class

Members on grounds generally applicable to the entire injunctive Class.  Certification under Rule

23(b)(2) is appropriate because Defendant has acted or refused to act in a manner that applies generally to the injunctive Class (i.e. Defendant has marketed the Product to all Class Members using the same misleading and deceptive labeling).  Any final injunctive relief or declaratory relief would benefit the entire injunctive Class as Defendant would be prevented from continuing its illegal, misleading, and deceptive marketing practices.

**FIRST CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**
**(On Behalf of Plaintiff and All Class Members)**

29      Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30.      Defendant provided Plaintiff and Class Members with an express warranty in the form of written affirmations of fact promising and representing that the Product is "100%" Grated Parmesan Cheese.

31.      The above affirmations of fact were not couched as "belief" or "opinion," and were not "generalized statements of quality incapable of proof or disproof."

32.      These affirmations of fact became part of the basis for the bargain and were material to Plaintiff's and Class Members' transactions.

33.      Plaintiff and Class Members reasonably relied upon Defendant's affirmations of fact and justifiably acted in ignorance of the material facts omitted or concealed when they decided to buy the Product.

34.      Within a reasonable time after they knew or should have known of Defendant's breach, Plaintiff and Class Members placed Defendant on notice of its breach.  Alternatively, this pleading constitutes sufficient notice of breach. Alternatively, to the extent it is determined that notice of breach was not given, Defendant did not suffer any prejudice thereby.

35.    Defendant breached the express warranty because the Product does not contain "100%" Grated Parmesan Cheese.

36.    Defendant thereby breached the following state warranty laws:

a.    Code of Ala. § 7-2-313;

b.    Alaska Stat. § 45.02.313;

c.    A.R.S. § 47-2313;

d.    A.C.A. § 4-2-313;

e.    Cal. Comm. Code § 2313;

f.    Colo. Rev. Stat. § 4-2-313;

g.    Conn. Gen. Stat. § 42a-2-313;

h.    6 Del. C. § 2-313;

i.    D.C. Code § 28:2-313;

j.    Fla. Stat. § 672.313;

k.    O.C.G.A. § 11-2-313;

l.    H.R.S. § 490:2-313;

m.    Idaho Code § 28-2-313;

n.    810 I.L.C.S. 5/2-313;

o.    Ind. Code § 26-1-2-313;

p.    Iowa Code § 554.2313;

q.    K.S.A. § 84-2-313;

r.    K.R.S. § 355.2-313;

s.    11 M.R.S. § 2-313;

t.    Md. Commercial Law Code Ann. § 2-313;

u.      Mass. Gen. Laws c. 106, § 2-313;

v.      M.C.L.S. § 440.2313;

w.      Minn. Stat. § 336.2-313;

x.      Miss. Code Ann. § 75-2-313;

y.      R.S. Mo. § 400.2-313;

z.      Mont. Code Anno. § 30-2-313;

aa.     Neb. Rev. Stat. § 2-313;

bb.     Nev. Rev. Stat. Ann. § 104.2313;

cc.     R.S.A. 382-A:2-313;

dd.     N.J. Stat. Ann. § 12A:2-313;

ee.     N.M. Stat. Ann. § 55-2-313;

ff.     N.Y. U.C.C. Law § 2-313;

gg.     N.C. Gen. Stat. § 25-2-313;

hh.     N.D. Cent. Code § 41-02-30;

ii.     II. O.R.C. Ann. § 1302.26;

jj.     12A Okl. St. § 2-313;

kk.     Or. Rev. Stat. § 72-3130;

ll.     13 Pa. Rev. Stat. § 72-3130;

mm.     R.I. Gen. Laws § 6A-2-313;

nn.     S.C. Code Ann. § 36-2-313;

oo.     S.D. Codified Laws, § 57A-2-313;

pp.     Tenn. Code Ann. § 47-2-313;

qq.     Tex. Bus. & Com. Code § 2.313;

rr.     Utah Code Ann. § 70A-2-313;

ss.     9A V.S.A. § 2-313;

tt.     Va. Code Ann. § 59.1-504.2;

uu.     Wash. Rev. Code Ann. § 6A.2-313;

vv.     W. Va. Code § 46-2-313;

ww.     Wis. Stat. § 402.313;

xx.     Wyo. Stat. § 34.1-2-313.

37.     As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and Class Members were damaged in the amount of the price they paid for the Product, in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY**
**(On Behalf of Plaintiff and All Class Members)**

38.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

39.     Defendant is in the business of distributing, marketing, advertising and selling "100%" Grated Parmesan Cheese.

40.     Under the Uniform Commercial Code's implied warranty of merchantability, Defendant warranted to Plaintiff and Class Members that the Product contains "100%" Grated Parmesan Cheese.

41.     Defendant breached the implied warranty of merchantability in that Defendant's Product deviates from the product description, and reasonable consumers expecting a product that conforms to its label would not accept the Defendant's product if they knew it did not contain "100%" Grated Parmesan Cheese.

42.     Within a reasonable amount of time after they knew or should have known of Defendant's breach, Plaintiff and the Class notified Defendant of such breach.  Alternatively, this pleading constitutes sufficient notice of breach. Alternatively, to the extent it is determined that notice of breach was not given, Defendant did not suffer any prejudice thereby

43.     The inability of Defendant's Product to meet the label description was wholly due to Defendant's fault and without Plaintiff's or Class Members' fault or neglect, and was solely due to Defendant's distribution, marketing, advertising and sale of the Product to the public.

44.     As a result of the foregoing, Plaintiff and Class Members have been damaged in the amount paid for the Product, together with interest thereon from the date of purchase.

### THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT
**(On Behalf of Plaintiff and All Class Members in the Alternative)**

45.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46.     Plaintiff, on behalf of himself and consumers nationwide, brings a common law claim for unjust enrichment.

47.     Defendant's conduct violated, *inter alia*, state and federal law by distributing, marketing, advertising and selling the Product while misrepresenting and omitting material facts.

48.     Defendant's unlawful conduct as described in this Complaint allowed Defendant to knowingly realize substantial revenues from selling the Product at the expense of, and to the detriment or impoverishment of, Plaintiff and Class Members, and to Defendant's benefit and enrichment.  Defendant has thereby violated fundamental principles of justice, equity, and good conscience.

15

49.     Plaintiff and Class Members conferred significant financial benefits on Defendant and paid substantial compensation to Defendant for a Product that was not as Defendant represented it to be.

51.     Defendant had an appreciation or knowledge of the benefits conferred by its conduct.

52.     Under common law principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiff's and Class Members' overpayments.

53.     Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

(a)     Declaring this action to be a proper class action and certifying Plaintiff as representative of the Class under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Entering preliminary and permanent injunctive relief against Defendant, directing Defendant to correct its unfair and deceptive practices;

(c)     Awarding monetary damages;

(d)     Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(e)     Granting such other and further relief as the Court may deem just and proper.

Dated:  March 24, 2016                          **PASTOR LAW OFFICE, LLP**


                                                /s/ David Pastor
                                                David Pastor, BBO #391000
                                                63 Atlantic Avenue, 3rd Floor
                                                Boston, MA 02110
                                                Telephone:  617-742-9700
                                                Facsimile:  617-742-9701
                                                dpastor@pastorlawoffice.com

                                                **LEONARD LAW OFFICE, LLP**
                                                Preston W. Leonard (BBO #680991)
                                                63 Atlantic Avenue, 3d Floor
                                                Boston, MA 02110
                                                Telephone: 617-329-1295
                                                pleonard@theleonardlawoffice.com

                                                **THE SULTZER LAW GROUP, PC**
                                                Jason P. Sultzer
                                                Joseph Lipari
                                                Jean M. Sedlak
                                                85 Civic Center Plaza, Suite 104
                                                Poughkeepsie, New York 12601
                                                Tel: (845) 483-7100
                                                Fax: (888) 749-7747
                                                sultzerj@thesultzerlawgroup.com


                                                *Counsel for Plaintiff and the Class*